MASHETER, DIR. OF HWYS., APPELLEE, *v.* PAULY ET AL., APPELLANTS.

(No. 414—Decided April 26, 1971.)

*Mr. Don A. Little*, assistant attorney general, for appellee.

*Messrs. Santen, Santen & Hughes*, for appellants.

Hess, P. J. This is an appeal from the Court of Common Pleas of Clermont County following a verdict in favor of the land owners in a proceeding to assess compensation for property appropriated for public use.

The director of highways, state of Ohio, hereinafter referred to as state, instituted proceedings to appropriate land owned by R. Corwin Pauly, et al., hereinafter referred to as owners, located in Clermont County, Ohio, for public highway use. The cause was presented to a jury to establish the fair market value of the land in question, which is described as being the land located at the intersection of state route 125 and Nine Mile-Tobasco Road in Union township, Clermont County, Ohio. The property includes eight thousand square feet and is described by metes and bounds in the pleadings.

The record discloses that a jury was selected to determine the market value of the land in question; that the owners presented evidence to establish the value of the land to be between $28,000 and $32,000, and the state offered evidence that the market value of the land was $9,000. The jury returned a verdict fixing the market value at $9,750.

In their appeal from the claimed inadequacy of the verdict, the owners present the following assignments of error:

"I. The Trial Court erred in its general charge to the jury by misstating the law with regard to evidence of comparable sales;

"II. The Trial Court erred in failing to admonish one of the State's witnesses, Everett Levine, with respect to his conduct in responding to defense counsel's questions, and the Court further erred in failing to instruct the jury to disregard Mr. Levine's argumentative outbursts;

"III. The Court erred in failing to instruct the jury to disregard completely any inferences which could be drawn from certain improper comments made by counsel for the State."

The first assignment of error is directed to the general charge of the court to the jury with regard to evidence of comparable sales.

After the owners and state had rested, the court gave the jury the following special charge before argument:

"The compensation that should be paid to the property owner herein should be such as to make him whole. That is, such as to put him in as good a financial position after the appropriation as he was in before."

In presenting the special instructions, the trial court instructed the jury as follows: "They are merely a portion of the law, and you must consider these along with the charge that I gave you at the beginning of the case, and the charge that I will give to you at the conclusion of the arguments."

In *Norwood* v. *Highland Aerie No. 449 Fraternal Order of Eagles,* et al., Case No. 11434, on the docket of this court, we held a charge identical to the one in this case to be prejudicial error. Accordingly, we find the special charge presented to the jury in the instant case is error prejudicial to the owners.

Having determined special charge no. 2 in the instant case is prejudicial error, there is no necessity to consider the other assignments of error.

The judgment of the trial court is reversed and this cause remanded to the Court of Common Pleas, Clermont County, for further proceedings according to law.

*Judgment reversed.*

SHANNON and YOUNG, JJ., concur.